M. A. MILAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21555.    Promulgated June 21, 1929.

*Jesse I. Miller, Esq.,* and *Douglas D. Felix, Esq.,* for the petitioner. *E. W. Shinn, Esq.,* for the respondent.

OPINION.

GREEN: The error assigned is that the respondent erred in not computing the income derived from the sale of the real estate in question in accordance with the provisions of section 212(d) of the Revenue Act of 1926 as retroactively applied by section 1208 of the same Act. Section 212(d) provides:

Under regulations prescribed by the Commissioner with the approval of the Secretary, a person who regularly sells or otherwise disposes of personal property on the installment plan may return as income therefrom in any taxable year that proportion of the installment payments actually received in that year which the total profit realized or to be realized when the payment is completed, bears to the total contract price. In the case (1) of a casual sale or other casual disposition of personal property for a price exceeding $1,000, *or* (2) *of a sale or other disposition of real property, if in either case the initial payments do not exceed one-fourth of the purchase price,* the income may, under regulations prescribed by the Commissioner with the approval of the Secretary, be returned on the basis and in the manner above prescribed in this subdivision. As used in this subdivision the term "initial payments" means the payments received in *cash or property other than evidences of indebtedness of the purchaser* during the taxable period in which the sale or other disposition is made. (Italics supplied.)

The respondent contends: (1) That the facts as proven do not meet the requirements of section 212(d), in that the record is not clear on the fact whether the petitioner sold or hypothecated the $12,500 note during 1924; that the burden was upon the petitioner to show that the "initial payments" received during the taxable period did not exceed one-fourth of the purchase price; and that he had failed in his proof, and (2) that even though the sale did meet the requirements of an installment sale, as provided in section 212(d), *supra*, the petitioner, by disposing of the $100,000 note in the manner set out in our findings, voluntarily barred himself of the right to return the income from the sale in accordance with the installment method provided in section 212(d), *supra*, in that such method would no longer reflect the true income of the petitioner, and that, although section 44(d) of the Revenue Act of 1928 was not retroactive, it was, nevertheless, declaratory of the basis to be applied in determining the petitioner's true income for the taxable year in question.

The record does not support the respondent's first contention. On direct examination, the petitioner testified that he did not receive any cash during 1924, other than the $29,000. On cross-examination, he said: "I am sure I did not receive anything but the $29,000 that

year (1924)," and on redirect examination, he further testified that he "did not hypothecate it (note for $12,500) in 1924 or any other year." We have found as a fact that the only "cash or property other than evidences of indebtedness of the purchaser" received by the petitioner during the year 1924 was the $29,000 in cash. This amount does not exceed one-fourth of the purchase price. We are, therefore, of the opinion that in accordance with sections 212 (d) and 1208, *supra*, the income from the sale may be returned on the basis and in the manner prescribed in section 212 (d), which amounts to $\frac{109,425}{141,500}$ of $29,000, or $22,426.33. See *R. L. Brown et al.*, 14 B. T. A. 609, and *Wallace Huntington et al.*, 15 B. T. A. 851.

The arguments in support of the respondent's second contention have already been answered by us in the recent case of *Wallace Huntington et al.*, *supra*, the salient facts of which are practically on all fours with the facts in the instant case. What we said there is controlling here.

The deficiency, if any, should be recomputed by including as income from the sale in question for the taxable year 1924, the amount of $22,426.33 instead of $109,425.

*Judgment will be entered under Rule 50.*